**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STEVEN D. BURDICK,**

                       **Plaintiff,**

  vs.                                                **5:16-cv-01393
                                                      (MAD/TWD)**

**TOWN OF SCHROEPPEL; ARMEN J.
NAZARAIN, Schroeppel Town Justice;
SALVATORE LANZA, Esq.; DONALD TODD,
Oswego County Court Judge; JAMES G.
CLOONAN, Oswego County Commissioner of
Jurors; and OSWEGO COUNTY NEW YORK,**

                       **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**STEVEN D. BURDICK**
4102 State Route 3
Fulton, New York 13069
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      On November 21, 2016, Plaintiff Steven D. Burdick filed his original 42 U.S.C. § 1983 civil rights complaint against Defendants Town of Schroeppel, Armen J. Nazarian[1] ("Justice Nazarian"), Salvatore Lanza, Esq. ("Lanza"), Donald Todd ("Judge Todd"), James G. Cloonan ("Cloonan"), and Oswego County. *See* Dkt. No. 1. That same day, Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. Following a series of extensions,

---

[1] As Magistrate Judge Dancks noted, Plaintiff has transposed two letters of this Defendant's surname. *See* Dkt. No. 13 at 4 n.2; *see also* Dkt. No. 12-1 at 1. The Court will use the correct spelling, "Nazarian" and refer to this Defendant as "Justice Nazarian" throughout this Order.

Plaintiff filed an amended complaint on January 18, 2017, *see* Dkt. No. 9, and additional exhibits in support of the amended complaint on January 25, 2017, *see* Dkt. No. 12.

On January 31, 2017, Magistrate Judge Dancks issued an Order and Report-Recommendation which granted Plaintiff's IFP application and recommended that the Court (1) dismiss Plaintiff's amended complaint without leave to amend, *see* Dkt. No. 13 at 17; (2) dismiss Plaintiff's 42 U.S.C. § 1983 claims against Justice Nazarian, Judge Todd, Lanza, Oswego County and the Town of Schroeppel with prejudice, *see id.*; (3) and refrain from exercising supplemental jurisdiction over Plaintiff's state law claims, *see id*. On February 17, 2017, Plaintiff filed his objections to the Order and Report-Recommendation. *See* Dkt. No. 14. On February 17, 2017 and March 9, 2017, Plaintiff filed two additional letters in support of the amended complaint. *See* Dkt. Nos. 15-16. Currently before this Court is Magistrate Judge Dancks' Order and Report-Recommendation. *See* Dkt. No. 13.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards *pro se* litigants,' however, 'there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994); *see also Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citations omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "'[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge,'" the court reviews

3

those recommendations "'for clear error.'" *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff sued Defendants pursuant to 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 1983 alleging a violation of his civil rights under the First, Fifth, Sixth, and Fourteenth Amendments. *See* Dkt. No. 9 at 3. Magistrate Judge Dancks recommended dismissing Plaintiff's claims on a number of grounds. *See* Dkt. No. 13 at 9.

First, as Magistrate Judge Dancks correctly explained, civil lawsuits may not be used to collaterally attack criminal convictions. *See id*. at 8. Rather, the Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254); *see also Praileau v. Fischer*, 930 F. Supp. 2d 383, 396 (N.D.N.Y. 2013) (stating "[u]nless, and until, the conviction is challenged and adjudicated in Plaintiff's favor, Plaintiff's [42 U.S.C. § 1983] claims are barred under *Heck*").

As Magistrate Judge Dancks found, Plaintiff's claims related to the jury pool selection, *voir dire*, jury charges, ineffective assistance of counsel, and appeals of the previous case would necessarily imply the unlawfulness of a valid conviction or sentence and fall within *Heck*. *See* Dkt. No. 13 at 9. Plaintiff objects, stating that his 42 U.S.C. § 1983 claims should not be barred because "[a] jury found Claimant/Plaintiff was not guilty on [the] charge of Endangering the

4

Welfare of a Child" and because he "is pursuing an appeal to the Court of Appeals as to the dismissal of his appeal of conviction Oswego County Court (Judge Todd)." Dkt. No. 14 at ¶ 1. Nonetheless, Plaintiff's convictions for resisting arrest and cruelty to an animal have not been overturned. Where, as here, "success on Plaintiff's Section 1983 claims would implicate the validity of the *remaining* convictions, *Heck's* bar precludes their adjudication" notwithstanding the fact that Plaintiff was not convicted on all counts. *Warren v. Fischl*, No. 15-cv-2829, 2015 WL 6760230, \*6 (E.D.N.Y. Nov. 5, 2015), *aff'd*, ___ Fed. Appx. ___, 2017 WL 66584 (2d Cir. Jan. 6, 2017) (emphasis added). Moreover, to the extent the complaint may be deemed to assert a cause of action under 42 U.S.C. § 1985, such claim is also barred by *Heck*. *See Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999) (collecting cases).

Second, Magistrate Judge Dancks recommended dismissing the claims against Justice Nazarian and Judge Todd with prejudice due to judicial immunity. *See* Dkt. No. 13 at 10. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[T]he Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "This immunity applies even when the judge is accused of acting maliciously and corruptly." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citation omitted).

As Magistrate Judge Dancks found, Plaintiff sued Justice Nazarian and Judge Todd for acts that were unquestionably judicial actions. *See* Dkt. No. 13 at 10. In his objections, Plaintiff asserts that Justice Nazarian and Judge Todd "are not necessarily entitled to absolute judicial immunity from suit for any actions simply because of their position as 'Judge' and the fact that their misconduct/actions was/were performed in the course of their 'judicial duties.'" Dkt. No. 13

5

at 10. However, as explained above, such circumstances are exactly when immunity applies. Moreover, the Court agrees that Plaintiff's references to the ADA do not compel a different result. *See DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 41 (W.D.N.Y. 2004). Therefore, Plaintiff's § 1983 claims against Justice Nazarian and Judge Todd are dismissed with prejudice.

Third, Magistrate Judge Dancks recommended dismissing Plaintiff's § 1983 claims against Defendant Lanza with prejudice because he is not a state actor. *See* Dkt. No. 13 at 10. "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (citations omitted). In his objections, Plaintiff concedes that his claims "against his defense counsel Salvatore Lanza are not recognizable under 42 U.S.C. § 1983." Dkt. No. 14 at ¶ 2. Therefore, Plaintiff's § 1983 claims against Defendant Lanza are dismissed with prejudice.[2]

Fourth, Magistrate Judge Dancks recommended dismissing Plaintiff's claims against Oswego County and the Town of Schroeppel under the doctrine of *res judicata*. *See id.* at 15. "Under the doctrine of *res judicata*, 'once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose.'" *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)) (alterative in original). "To prove that a

---

[2] To the extent Plaintiff contends that he can cure this defect by raising claims under 18 U.S.C. §§ 241 or 242, *see id.*; *see also* Dkt. No. 9 at 1, he errs. Plaintiff has no private right of action under 18 U.S.C. §§ 241 and 242 because they are federal criminal statutes. *See Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006). Therefore, to the extent the complaint may be deemed to assert causes of action under 18 U.S.C. §§ 241 and 242, such claims are dismissed with prejudice against all Defendants.

claim is precluded under this doctrine, 'a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (quoting *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000) (other citations omitted) (alteration in original). As Magistrate Judge Dancks explained, Plaintiff has previously brought an action against Oswego County and the Town of Schroeppel concerning the same nucleus of facts as alleged here. *See Burdick v. Oswego Cty., NY*, No. 5:15-cv-00353 MAD, 2015 WL 6554515, (N.D.N.Y. Oct. 29, 2015). The Court dismissed Plaintiff's complaint in that action with prejudice pursuant to 12(b)(6) with the exception of Plaintiff's Sixth Amendment speedy trial claim, which was dismissed without prejudice. *See id.* at *8.

In his objection, Plaintiff contends that his claims are "necessarily still in question" because the Court's decision in the prior action "was not rendered on the actual merits" and because that action "was not dismissed in its entirety." Dkt. No. 14 at ¶ 4. However, "the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (collecting cases). Therefore, the Court finds Plaintiff's claims against Oswego County and the Town of Schroeppel are dismissed under the doctrine of *res judicata* with the exception of Plaintiff's speedy trial claim, which the Court again dismisses without prejudice because it was not "properly raised by a habeas corpus petition after exhausting state court remedies." *Burdick*, 2015 WL 6554515, at *8.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any

7

indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). An opportunity to amend is not required, however, where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

In the present matter, the Court agrees with Magistrate Judge Dancks that "leave to amend would be futile due to the bars imposed by *Heck*, judicial immunity, and *res judicata*." Dkt. No. 13 at 15. "Disposition of the case on *Heck* grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487) (other citations omitted). Nonetheless, for the reasons stated above, Plaintiff's § 1983 claims against Justice Nazarian, Judge Todd, Lanza, Oswego County, and the Town of Schroeppel are dismissed with prejudice with the exception of Plaintiff's Sixth Amendment speedy trial claim against Oswego County and the Town of Schroeppel, which is dismissed without prejudice.

Lastly, the Court agrees with Magistrate Judge Dancks's recommendation that, to the extent the complaint may be deemed to raise state law claims, the Court decline to exercise supplemental jurisdiction over those claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction'") (citing 28 U.S.C. § 1367(c)(3)).

After carefully reviewing Plaintiff's submissions, Magistrate Judge Dancks' January 31, 2017 Order and Report-Recommendation, the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' January 31, 2017 Order and Report-Recommendation (Dkt. No. 13) is **ADOPTED to the extent consistent with this Order**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 9) is **DISMISSED without leave to amend** as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and the Court further

**ORDERS** that Plaintiff's 42 U.S.C. § 1983 claims against Justice Nazarian, Judge Todd, Lanza, Oswego County, and the Town of Schroeppel are **DISMISSED with prejudice**, with the exception of Plaintiff's Sixth Amendment right to a speedy trial claim, which is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's 18 U.S.C. §§ 241 and 242 claims against Defendants are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 6, 2017
       Albany, New York

*Mae A. D'Agostino*
U.S. District Judge